IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

RECEIVED
2005 JUN 22 P 1: 11

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., d/b/a ONCOLOGY SUPPLY COMPANY<br>2801 Horace Shepard Drive,<br>Dothan, Alabama 36303,<br><br>        Plaintiff,<br>v.<br><br>ONCOLOGY HEMATOLOGY CENTERS OF ATLANTA, P.C.<br>465 Winn Way, Suite 231<br>Decatur, GA 30030,<br><br>        and<br><br>LLOYD G. GEDDES<br>1325 Scott Boulevard<br>Decatur, GA 30030,<br><br>        Defendants. | CIVIL ACTION NO.:<br><br>1:05CV591-F |

## COMPLAINT

The plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company ("OSC"), by and through its counsel, hereby brings this complaint against the defendants, Oncology Hematology Centers of Atlanta, P.C. ("OHCA") and Lloyd G. Geddes ("Geddes"), and in support hereof avers as follows:

### THE PARTIES

1. ASD Specialty Healthcare, Inc., is a California corporation, with its principal business located in Dothan, Alabama. ASD does business as Oncology Supply Company, which maintains an office at 2801 Horace Shepard Drive, Dothan, Alabama 36303.

PHIL1 622849-1

2. OHCA is a Georgia corporation with its principal place of business at 465 Winn Way, Suite 231, Decatur, Georgia 30030, whose registered agent is Raquel M. Gayle, 600 Peachtree St., Suite 5200, Atlanta, Georgia 30308.

3. Geddes is an adult individual and citizen of the State of Georgia, with a last-known address of 1325 Scott Boulevard, Decatur, Georgia 30030.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a) because (a) the plaintiff is a citizen of the State of California and the State of Alabama, (b) the defendants are citizens of the State of Georgia, and (c) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. The defendants are subject to personal jurisdiction in this judicial district because, inter alia, the defendants conduct business in this judicial district and have consented to jurisdiction in Alabama.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, inter alia, (a) OHCA resides within this judicial district pursuant to 28 U.S.C. §§ 1391(a) and (c), (b) a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this judicial district, and (c) the defendants have consented to being sued in this judicial district.

## BACKGROUND

7. OSC is a supplier of medical and pharmaceutical products.

8. At all times relevant hereto, and as set forth more fully below, the defendant OHCA (a) solicited business with, (b) negotiated with, (c) had products shipped by, (d)

communicated with, (e) submitted documents to, and (f) contracted with OSC in Dothan, Alabama.

9. At various times and at OHCA's request, OSC sold and delivered to OHCA, pharmaceutical and other products (the "Goods").

10. The relationship between OSC and OHCA is memorialized in an agreement (the "Agreement") dated January 28, 2004, a copy of which is attached hereto, incorporated herein and marked Exhibit "1".

11. Despite demand, OHCA has failed to make payment to OSC for the Goods.

12. As a result of OHCA's defaults, all sums owed by OHCA to OSC are immediately due and payable in full.

13. As of May 26, 2005, the total outstanding obligation due to OSC from OHCA exceeded $170,531.79, as identified on the statement of account attached hereto, incorporated herein and marked Exhibit "2".

14. Pursuant to the terms of the Agreement, and the parties' course of dealing, OSC is also entitled to collect interest on this principal amount at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice.

15. Pursuant to that certain written guaranty (the "Guaranty") executed and delivered by Geddes to OSC on January 28, 2004, and forming a part of the Agreement, Geddes is the unconditional surety of OHCA's obligations to OSC.

### COUNT I
### BREACH OF CONTRACT
### OSC V. OHCA

16. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

PHIL1 622849-1

17. A valid contract and course of dealing existed between OSC and OHCA whereby, in return for OSC supplying the Goods to OHCA, OHCA would pay OSC for those Goods.

18. OSC complied with its contractual obligations by supplying the Goods to OHCA, and invoicing OHCA for payment.

19. Despite the fact that OSC sent invoices to OHCA and demanded payment for the Goods supplied, OHCA failed and refused, and continues to fail and refuse, to make payment to OSC in accordance with OHCA's obligations under the Agreement or otherwise.

20. Accordingly, OHCA has breached materially the terms of the contract between it and OSC.

21. As a result of this material breach of contract by OHCA, OSC has been damaged in an amount in excess of $170,531.79.

WHEREFORE, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company respectfully requests the entry of a judgment in its favor and against Oncology Hematology Centers of Atlanta, P.C. in an amount in excess of $170,531.79, interest at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice, attorneys' fees and costs, and such other and further relief as this Court deems just.

## COUNT II
## BREACH OF ACCOUNT STATED
## OSC V. OHCA

22. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

23. Beginning in 2004, OSC had an ongoing business relationship with OHCA pursuant to which OSC sold Goods to OHCA, and OHCA paid for such Goods in accordance with the terms of various statements of account sent from OSC to OHCA.

4

24. OSC invoiced OHCA in a timely fashion for the Goods detailed above, which Goods were shipped at OHCA's request.

25. OHCA had an opportunity to review the relevant invoices and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

26. OHCA has never objected to the amounts set forth in OSC's invoices.

27. Despite repeated demand, OHCA has failed to pay OSC the total amounts due as invoiced. A balance remains due.

28. As a direct and proximate result of OHCA's failure to pay its accounts as stated, OSC has been damaged in an amount in excess of $170,531.79.

WHEREFORE, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company respectfully requests the entry of a judgment in its favor and against Oncology Hematology Centers of Atlanta, P.C. in an amount in excess of $170,531.79, interest at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice, attorneys' fees and costs, and such other and further relief as this Court deems just.

## COUNT III
## CLAIM FOR OPEN BOOK ACCOUNT
## OSC V. OHCA

29. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

30. OSC has been shipping the Goods to OHCA on an ongoing basis, and maintaining an open book account relating to those shipments.

31. OSC invoiced OHCA in a timely fashion for the Goods detailed above, which Goods were shipped at OHCA's request.

32. Said invoices contain a description of the Goods, as well as the date of their sale and the relevant price.

33. OHCA had an opportunity to review the relevant invoices and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

34. OHCA has never objected to the amounts set forth in OSC's invoices.

35. Despite repeated demand, OHCA has failed to pay OSC the total amounts due as invoiced.

36. As a direct and proximate result of OHCA's failure to pay for goods sold to it on an open book account, OSC has been damaged in an amount in excess of $170,531.79.

WHEREFORE, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company respectfully requests the entry of a judgment in its favor and against Oncology Hematology Centers of Atlanta, P.C. in an amount in excess of $170,531.79, interest at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice, attorneys' fees and costs, and such other and further relief as this Court deems just.

### COUNT IV
### UNJUST ENRICHMENT
### OSC V. OHCA

37. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

38. OSC conferred a benefit upon OHCA, to which OHCA was not entitled, by providing OHCA with the Goods.

39. Despite repeated demand, OHCA has refused to return the Goods and/or to pay for them.

40. By accepting delivery of the Goods supplied by OSC, retaining them, and not paying OSCI for them, OHCA has been unjustly enriched at OSC's expense, in an amount in excess of $170,531.79, thereby damaging OSC.

WHEREFORE, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company respectfully requests the entry of a judgment in its favor and against Oncology Hematology Centers of Atlanta, P.C. in an amount in excess of $170,531.79, interest at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice, attorneys' fees and costs, and such other and further relief as this Court deems just.

### COUNT V
### BREACH OF CONTRACT
### OSC V. GEDDES

41. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

42. OHCA has failed to make payments to OSC, in accordance with OHCA's obligations under the Agreement, and is otherwise in default of those obligations.

43. Geddes is in default of his obligations under the Guaranty for, inter alia, his failure to pay OSC the amounts due from OHCA.

44. As a result of the foregoing defaults, an amount in excess of $170,531.79 is immediately due and payable by Geddes to OSC.

WHEREFORE, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company respectfully requests the entry of a judgment in its favor and against Lloyd G. Geddes in an amount in excess of $170,531.79, interest at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice, attorney's fees and costs, and such other and further relief as this Court deems just.

Respectfully submitted,

*[signature]*

James J. Robinson (ROB013)
Heath A. Fite (FIT011)
Attorneys for Plaintiff

**OF COUNSEL:**

**BURR & FORMAN, LLP**
3100 SouthTrust Tower
420 North 20th Street
SouthTrust Tower, Suite 3100
Birmingham, Alabama 35203

**TO BE SERVED BY SPECIAL PROCESS SERVER**

8

PHIL1 622849-1