IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., d/b/a<br>ONCOLOGY SUPPLY COMPANY<br>2801 Horace Shepard Drive,<br>Dothan, Alabama 36303,<br><br>    Plaintiff,<br><br>vs.<br><br>ONCOLOGY HEMATOLOGY CENTERS OF<br>ATLANTA, P.C.<br>465 Winn Way, Suite 231<br>Decatur, GA  30030,<br><br>and<br><br>LLOYD G. GEDDES<br>1325 Scott Boulevard<br>Decatur, GA 30030<br><br>    Defendants. | Civil Action No. 1:05 CV 0591 |

## ANSWER

Defendants, Oncology Hematology Centers of Atlanta, P.C. and Lloyd G. Geddes, ("Defendants") file their Answer and Defenses as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Court does not have the authority to exercise personal jurisdiction over Defendant.

### THIRD DEFENSE

This Court lacks jurisdiction over the subject matter.

## FOURTH DEFENSE

Venue as to the Defendants is or may be improper.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part by failure of conditions precedent to recovery.

## SEVENTH DEFENSE

Defendant hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in the case and hereby reserves the right to amend its Answer to assert any such defense.

## EIGHTH DEFENSE

Subject to and without waiving the foregoing defenses, which are specifically incorporated herein, Defendant responds to the enumerated paragraphs of the Complaint as follows:

### Introduction

Defendants deny the allegations in the introduction, and accordingly deny that Plaintiff is entitled to the relief requested in the introduction. By way of further response, Defendant Geddes states that he incorporated Oncology Hematology Centers of Atlanta, P.C. ("OHCA") in March of 2002 and entered into an agreement with ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company ("OSD or Plaintiff") for pharmaceutical goods related to his healthcare practice. Defendants assert that OHCA maintained a current and satisfactory payment history with OSD throughout the term of their agreement until dramatic cuts and delays in Medicare reimbursements for chemotherapy drugs caused slower payment to OHCA's vendors.

OCHA repeatedly communicated this fact to OSD and continued to make payments on its invoices. Defendants further assert that OHCA has approached OSD numerous times in an effort to arrange a satisfactory payment plan to no avail. OSD insisted that OHCA make payments to OSD in amounts and at rates of interest that far exceeded what OHCA could reasonably expect to pay, given the significant decline in Medicare reimbursements for its services. Still, OCHCA continued to make payments to OSD, in noted interest of good faith, as assurance that OHCA intends to honor its agreement to OSD as actually undertaken by OHCA.

1.

Defendants admit that ASD is a California corporation, with its principal business located in Dothan, Alabama, that ASD does business as Oncology Supply Company, which maintains an office at 2801 Horace Shepard Drive, Dothan, Alabama 36303.

2.

Defendants admit that OHCA is Georgia corporation with its principal place of business at 465 Winn Way, Suite 231, Decatur, Georgia 30030. Defendants deny the remaining allegations in Paragraph 2.

3.

Defendants admit allegations in Paragraph 3.

4.

Defendants deny the allegations in Paragraph 4.

5.

Defendants deny the allegations in Paragraph 5.

6.

Defendants deny the allegations in Paragraph 6.

7.

Defendants admit, to the best of their knowledge, the allegations in Paragraph 7.

8.

Defendants admit that it had products shipped by, submitted documents to and entered into a contract with OSC in Atlanta, Georgia. Defendants deny the all other allegations in Paragraph 8.

9.

Defendants admit the allegations in Paragraph 9.

10.

Defendants admit the allegations in Paragraph 10.

11.

Defendants deny the allegations in Paragraph 11.

12.

Defendants deny all allegations in paragraph 12.

13.

Defendants deny the allegations in Paragraph 13.

14.

Defendants deny all allegations in Paragraph 14.

15.

Defendants admit that Defendant Geddes executed the guaranty attached to the Complaint but specifically deny that he is in default of his obligation under the subject agreement.

16.

Defendants incorporate herein by this reference the responses to paragraph 1 through 15 of his Answer as though they were set forth fully and at length.

17.

Defendants admit that it entered into an agreement with OSC for goods and Defendants Defendant OHCA agrees to pay for all goods received under said agreement. Defendants deny all other allegations in Paragraph 17.

18.

Defendants admit that pursuant to the Agreement, OSC delivered supplies to Defendant's business address. Defendants deny all other allegations in Paragraph 18.

19.

Defendants deny all allegations in paragraph 19.

20.

Defendants deny all allegations in paragraph 20.

21.

Defendants deny all allegations in paragraph 21.

22.

Defendants incorporates herein by this reference the responses set forth in the foregoing paragraphs of this Answer as though they were set forth fully and at length.

23.

Defendants admit all the allegations in paragraph 23.

24.

Defendants admit all the allegations in paragraph 24.

25.

Defendants deny all allegations in paragraph 25.

26.

Defendants deny all allegations in paragraph 26.

27.

Defendants deny all allegations in paragraph 27.

28.

Defendants deny all allegations in paragraph 28.

29.

Defendants incorporates herein by this reference the responses set forth in the foregoing paragraphs of this response as though they were set forth fully and at length.

30.

Defendants admit all allegations in paragraph 30.

31.

Defendants admit all allegations in paragraph 31.

32.

Defendants admit all allegations in paragraph 32.

33.

Defendants deny all allegations in paragraph 33.

34.

Defendants deny all allegations in paragraph 34.

35.

Defendants deny all allegations in paragraph 35.

36.

Defendants deny all allegations in paragraph 36.

37.

Defendants incorporates herein by this reference the responses set forth in the foregoing paragraphs of this answer as though they were set forth fully and at length.

38.

Defendants deny all allegations in paragraph 38.

39.

Defendants deny all allegations in paragraph 39.

40.

Defendants deny all allegations in paragraph 40.

41.

Defendants incorporate herein by this reference the responses set forth in the foregoing paragraphs of this answer, as though they were set forth fully and at length.

42.

Defendants deny all allegations in paragraph 42.

43.

Defendants deny all allegations in paragraph 43.

44.

Defendants deny all allegations in paragraph 44.

Defendants deny each and every allegation of Plaintiff's complaint, except as admitted or expressly stated above. Defendants deny that Plaintiff's are entitled to the relief and remedies set out in the complaint's prayer for relief.

WHEREFORE, Defendant respectfully request that:

    (a) A jury trial beheld on all claims triable to a jury;

    (b) Plaintiff's claims be dismissed with prejudice and judgment be entered in favor of this Defendant on all counts asserted in Plaintiffs' complaint;

    (c) Plaintiff's bear the cost of this action; and

    (d) The Court award this Defendant such other and further relief as it deems just and equitable.

All allegations of Plaintiff's Complaint not expressly admitted are hereby denied.

Respectfully submitted this 15th day of July, 2005.

Lloyd G. Geddes, Jr. MD
For Defendants

Oncology Hematology Centers of
Atlanta, P.C.
465 Winn Way, Suite 231
Decatur, GA  30030

## CERTIFICATE OF SERVICE

I hereby certify that I will serve the foregoing Answer of Oncology Hematology Centers of Atlanta, P.C. and Lloyd G. Geddes, Jr., M.D., by delivering a copy of same via U.S. Mail, in a properly addressed envelope, with adequate postage thereon as follows:

> Morton R. Branzburg, Esq.
> KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP
> 260 S. Broad Street
> Philadelphia, PA  19102-5003

This 15th day of July, 2005.

_____
Lloyd G. Geddes
For Defendants

Oncology Hematology Centers of
Atlanta, P.C.
465 Winn Way, Suite 231
Decatur, GA  30030