IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC. d/b/a ONCOLOGY SUPPLY COMPANY, <br><br>Plaintiff, <br><br>v. <br><br>ONCOLOGY HEMATOLOGY CENTERS OF ATLANTA, P.C. and LLOYD G. GEDDES, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 1:05-CV-591-MEF-SRW |

### AFFIDAVIT OF HEATH A. FITE

STATE OF ALABAMA        )
                                           )
COUNTY OF JEFFERSON )

HEATH A. FITE, being duly sworn, deposes and states as follows:

1.  My name is Heath A. Fite. I am over the age of twenty-one (21) years and reside in Jefferson County, Alabama. I am a licensed and practicing attorney at the law firm of Burr & Forman LLP. I am one of the attorneys representing Plaintiff ASD Specialty Healthcare, Inc. d/b/a Oncology Supply Company ("ASD") in the above-styled action.

2.  I make this affidavit in support of ASD's Application for Entry of Default against Defendant Oncology Hematology Centers of Atlanta, P.C. ("OHCA").

3.  On June 22, 2005, Plaintiff filed its Complaint in this action against defendants Lloyd G. Geddes and OHCA. (*See* Complaint, attached hereto as Exhibit 1.)



1407930

4. OHCA was personally served with the Summons and Complaint in this action on October 6, 2005, through its agent appointed for receiving service. (*See* Summons and Return of Service Writ, attached hereto as Exhibit 2.)

5. OHCA's response to the Complaint was due on October 26, 2005.

6. To date, other than its initial answer, which the Court disallowed sua sponte because it was not signed by an attorney, OHCA has neither served nor filed an answer to the Complaint or otherwise defended itself in this action.

7. More than twenty days have elapsed since OHCA was served with the Summons and Complaint.

8. OHCA is neither an infant nor an incompetent.

9. Therefore, ASD seeks entry of default against OHCA.

Further the deponent saith not.

/s/ Heath A. Fite
Heath A. Fite, Affiant

Sworn to and subscribed before me on this the 28th day of October, 2005.

/s/ Stephanie M. Carroll
NOTARY PUBLIC
My Commission Expires: 5-25-09

1407930

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., d/b/a ONCOLOGY SUPPLY COMPANY<br>2801 Horace Shepard Drive,<br>Dothan, Alabama 36303,<br><br>          Plaintiff,<br>    v.<br><br>ONCOLOGY HEMATOLOGY CENTERS OF ATLANTA, P.C.<br>465 Winn Way, Suite 231<br>Decatur, GA 30030,<br><br>    and<br><br>LLOYD G. GEDDES<br>1325 Scott Boulevard<br>Decatur, GA 30030,<br><br>          Defendants. | 2005 JUN 22 P 1:12<br><br>CIVIL ACTION NO.:<br><br>1:05CV0591-FW |

## COMPLAINT

The plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company ("OSC"), by and through its counsel, hereby brings this complaint against the defendants, Oncology Hematology Centers of Atlanta, P.C. ("OHCA") and Lloyd G. Geddes ("Geddes"), and in support hereof avers as follows:

### THE PARTIES

1.     ASD Specialty Healthcare, Inc., is a California corporation, with its principal business located in Dothan, Alabama. ASD does business as Oncology Supply Company, which maintains an office at 2801 Horace Shepard Drive, Dothan, Alabama 36303.



EXHIBIT 1



PHIL1 622849-1

2. OHCA is a Georgia corporation with its principal place of business at 465 Winn Way, Suite 231, Decatur, Georgia 30030, whose registered agent is Raquel M. Gayle, 600 Peachtree St., Suite 5200, Atlanta, Georgia 30308.

3. Geddes is an adult individual and citizen of the State of Georgia, with a last-known address of 1325 Scott Boulevard, Decatur, Georgia 30030.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a) because (a) the plaintiff is a citizen of the State of California and the State of Alabama, (b) the defendants are citizens of the State of Georgia, and (c) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. The defendants are subject to personal jurisdiction in this judicial district because, inter alia, the defendants conduct business in this judicial district and have consented to jurisdiction in Alabama.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, inter alia, (a) OHCA resides within this judicial district pursuant to 28 U.S.C. §§ 1391(a) and (c), (b) a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this judicial district, and (c) the defendants have consented to being sued in this judicial district.

## BACKGROUND

7. OSC is a supplier of medical and pharmaceutical products.

8. At all times relevant hereto, and as set forth more fully below, the defendant OHCA (a) solicited business with, (b) negotiated with, (c) had products shipped by, (d)

2

communicated with, (e) submitted documents to, and (f) contracted with OSC in Dothan, Alabama.

9.  At various times and at OHCA's request, OSC sold and delivered to OHCA, pharmaceutical and other products (the "Goods").

10. The relationship between OSC and OHCA is memorialized in an agreement (the "Agreement") dated January 28, 2004, a copy of which is attached hereto, incorporated herein and marked Exhibit "1".

11. Despite demand, OHCA has failed to make payment to OSC for the Goods.

12. As a result of OHCA's defaults, all sums owed by OHCA to OSC are immediately due and payable in full.

13. As of May 26, 2005, the total outstanding obligation due to OSC from OHCA exceeded $170,531.79, as identified on the statement of account attached hereto, incorporated herein and marked Exhibit "2".

14. Pursuant to the terms of the Agreement, and the parties' course of dealing, OSC is also entitled to collect interest on this principal amount at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice.

15. Pursuant to that certain written guaranty (the "Guaranty") executed and delivered by Geddes to OSC on January 28, 2004, and forming a part of the Agreement, Geddes is the unconditional surety of OHCA's obligations to OSC.

## COUNT I
## BREACH OF CONTRACT
## OSC V. OHCA

16. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

17. A valid contract and course of dealing existed between OSC and OHCA whereby, in return for OSC supplying the Goods to OHCA, OHCA would pay OSC for those Goods.

18. OSC complied with its contractual obligations by supplying the Goods to OHCA, and invoicing OHCA for payment.

19. Despite the fact that OSC sent invoices to OHCA and demanded payment for the Goods supplied, OHCA failed and refused, and continues to fail and refuse, to make payment to OSC in accordance with OHCA's obligations under the Agreement or otherwise.

20. Accordingly, OHCA has breached materially the terms of the contract between it and OSC.

21. As a result of this material breach of contract by OHCA, OSC has been damaged in an amount in excess of $170,531.79.

WHEREFORE, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company respectfully requests the entry of a judgment in its favor and against Oncology Hematology Centers of Atlanta, P.C. in an amount in excess of $170,531.79, interest at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice, attorneys' fees and costs, and such other and further relief as this Court deems just.

### COUNT II
### BREACH OF ACCOUNT STATED
### OSC V. OHCA

22. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

23. Beginning in 2004, OSC had an ongoing business relationship with OHCA pursuant to which OSC sold Goods to OHCA, and OHCA paid for such Goods in accordance with the terms of various statements of account sent from OSC to OHCA.

4

PHIL1 622849-1

24. OSC invoiced OHCA in a timely fashion for the Goods detailed above, which Goods were shipped at OHCA's request.

25. OHCA had an opportunity to review the relevant invoices and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

26. OHCA has never objected to the amounts set forth in OSC's invoices.

27. Despite repeated demand, OHCA has failed to pay OSC the total amounts due as invoiced. A balance remains due.

28. As a direct and proximate result of OHCA's failure to pay its accounts as stated, OSC has been damaged in an amount in excess of $170,531.79.

WHEREFORE, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company respectfully requests the entry of a judgment in its favor and against Oncology Hematology Centers of Atlanta, P.C. in an amount in excess of $170,531.79, interest at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice, attorneys' fees and costs, and such other and further relief as this Court deems just.

## COUNT III
## CLAIM FOR OPEN BOOK ACCOUNT
## OSC V. OHCA

29. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

30. OSC has been shipping the Goods to OHCA on an ongoing basis, and maintaining an open book account relating to those shipments.

31. OSC invoiced OHCA in a timely fashion for the Goods detailed above, which Goods were shipped at OHCA's request.

5

32. Said invoices contain a description of the Goods, as well as the date of their sale and the relevant price.

33. OHCA had an opportunity to review the relevant invoices and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

34. OHCA has never objected to the amounts set forth in OSC's invoices.

35. Despite repeated demand, OHCA has failed to pay OSC the total amounts due as invoiced.

36. As a direct and proximate result of OHCA's failure to pay for goods sold to it on an open book account, OSC has been damaged in an amount in excess of $170,531.79.

WHEREFORE, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company respectfully requests the entry of a judgment in its favor and against Oncology Hematology Centers of Atlanta, P.C. in an amount in excess of $170,531.79, interest at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice, attorneys' fees and costs, and such other and further relief as this Court deems just.

## COUNT IV
## UNJUST ENRICHMENT
## OSC V. OHCA

37. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

38. OSC conferred a benefit upon OHCA, to which OHCA was not entitled, by providing OHCA with the Goods.

39. Despite repeated demand, OHCA has refused to return the Goods and/or to pay for them.

40. By accepting delivery of the Goods supplied by OSC, retaining them, and not paying OSCI for them, OHCA has been unjustly enriched at OSC's expense, in an amount in excess of $170,531.79, thereby damaging OSC.

WHEREFORE, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company respectfully requests the entry of a judgment in its favor and against Oncology Hematology Centers of Atlanta, P.C. in an amount in excess of $170,531.79, interest at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice, attorneys' fees and costs, and such other and further relief as this Court deems just.

## COUNT V
## BREACH OF CONTRACT
## OSC V. GEDDES

41. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

42. OHCA has failed to make payments to OSC, in accordance with OHCA's obligations under the Agreement, and is otherwise in default of those obligations.

43. Geddes is in default of his obligations under the Guaranty for, inter alia, his failure to pay OSC the amounts due from OHCA.

44. As a result of the foregoing defaults, an amount in excess of $170,531.79 is immediately due and payable by Geddes to OSC.

WHEREFORE, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company respectfully requests the entry of a judgment in its favor and against Lloyd G. Geddes in an amount in excess of $170,531.79, interest at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice, attorney's fees and costs, and such other and further relief as this Court deems just.

Respectfully submitted,

*[signature]*

James J. Robinson (ROB013)
Heath A. Fite (FIT011)
Attorneys for Plaintiff

OF COUNSEL:

**BURR & FORMAN, LLP**
3100 SouthTrust Tower
420 North 20th Street
SouthTrust Tower, Suite 3100
Birmingham, Alabama 35203

TO BE SERVED BY SPECIAL PROCESS SERVER

07/18/2002 16:35 FAX 3349542446          ONCOLOGY SUPPLY                              ☒003

# Credit Application Page Two

## Please review, sign, and return the acknowledgment pages along with this application.

This application and the information contained herein is a request for the extension of credit for commercial business use only and applicant certifies that the firm he represents is doing business as a: (please check one)

Corporation ☑, Partnership ☐ or Sole Proprietorship ☐.

The applicant authorizes the above named creditor to obtain written or oral credit reports from any credit reporting agency. The applicant further authorizes any bank or commercial business with whom the applicant is doing or has done any business with to give any and all necessary information to the creditor which will assist creditor in the credit investigation. The applicant further authorizes the creditor to reinvestigate the applicants' credit status from time to time as the creditor deems necessary and should creditor upon such reinvestigation deem it necessary to limit or terminate the credit arrangement with applicant, said applicant shall be notified in writing as to any adverse action. Upon approval of this application for credit, said applicant will be notified in writing along with the creditor's terms of sale and should applicant at some future time deviate from the creditor's terms of sale, said creditor reserves the right to terminate future extension of credit with applicant.

### Important

If credit is extended, I (we) agree to pay Creditor all debts incurred within creditor's terms of sale. I (we) expressly waive all right of exemption under the constitution and laws of the State of Alabama and any other state, as to personal property and I (we) agree to pay all costs of collection or attempting to collect or secure any and all debts which I (we) now owe or which I (we) may in the future owe creditors for goods sold to me (us) or for services rendered including a reasonable attorney's fee on the unpaid debt so long as any of said indebtedness is due and unpaid, and I consent and agree to the jurisdiction of the laws of the State of Alabama governing the collection of any and all debts. I also agree to pay a FINANCE CHARGE OF 1.5% PERCENT PER MONTH(ANNUAL PERCENTAGE OF 18%) on any unpaid past due balance. Creditor is hereby authorized to deliver goods or perform services for the following at my (our) request and charge same to my (our) account and this shall continue until written notice to the contrary is given and accepted, which acceptance shall be evidenced by signature of creditor.

Applicant's Signature: _Lloyd H. Dedde??, MD_        Title: _Owner/CEO_

Applicant's Signature: _____      Title: _____

Witness my (our) hand(s) this the ___ day of _____

Witness: _____                    Date: _____

### Please forward a copy of your current physician state license and your current DEA registration. Failure to do so will delay shipping of any pending orders. Copies may be faxed.

This is a federal requirement.

State Physicians' License #: _045798_           Exp. Date: _12/31/2003_
DEA Form #: _BG5984984_                         Exp. Date: _09-30-2004_

Please note that we now offer electronic fund transfers with a 1% discount off your total order at the time of purchase. See attached sheet for further information.

Also, if you choose to use our e.f.t. system or pay by credit card, the name Bergen Brunswig will appear on your statement.

All of the above information is for file purposes only and will be held in strictest confidence.

For Office Use Only

**EXHIBIT "1"**

07/15/2002 16:05 FAX 3349642446          ONCOLOGY SUPPLY                              ☒002

# ONCOLOGY SUPPLY

P.O. BOX 3001 • DOTHAN, AL 36302
Tel: (800) 633-7555 • Fax: (800) 245-5205

## APPLICATION FOR NEW ACCOUNT

The following is an application for credit with ONCOLOGY SUPPLY COMPANY. Also known as creditor within the general provisions of this application.

### 1. Company Information

| Tax ID Number | Firm or Corp. Name |
|---|---|
| 30-0072577 | Oncology + Hematology Centers of Atlanta |

Street Address: 465 Winn Way Suite 231

| P.O. Box | City | County | State | Zip |
|---|---|---|---|---|
|  | Decatur | DeKalb | Georgia | 30030 |

| Telephone Number | Fax Number | Year Established | Is business incorporated? Yes ☒ No ☐ If so, under laws of what state? |
|---|---|---|---|

Billing Address (if different from above): Same

| City | State | Zip | Phone No | Fax No |
|---|---|---|---|---|

| Parent Company | Street Address |
|---|---|

| P.O. Box | City | State | Zip |
|---|---|---|---|

| Full Names of Officers, Partners and/or Proprietors: | Title |
|---|---|
| Lloyd G. Geddes, Jr, MD | Owner - CEO |

Please indicate the estimated monthly purchases from Oncology Supply Company (This will help us to determine the credit amount)

Monthly Amount: $50,000 - 75,000.00/mo.

Payment terms: _____

Does your firm use purchase order numbers? Yes ☒ No ☐

Is your business a member of a GPO? Yes ☒ No ☐
If so, which GPO? ION

### 2. Bank References

| Bank Name | Account # | Contact |
|---|---|---|
| Sun Trust Bank, Atlanta | 1000003062279 | Daniel Nance |

| Address | City | State | Zip | Phone |
|---|---|---|---|---|
|  | Atlanta | Georgia |  | (404)728-1204 |

### 3. Credit References

| Company Name | Contact |
|---|---|
| Address | City | State | Zip | Phone |

| Company Name | Contact |
|---|---|
| Address | City | State | Zip | Phone |

**State license & DEA permit required for all accounts**
Please be advised: Ship to address must match address on your DEA certificate for contract identification

07/18/2002 16:37 FAX 3348542445        ONCOLOGY SUPPLY                               ☐ 006

Legal Name: Oncology + Hematology Centers of Atlanta
D.B.A.: 3/1/02

Shipping address business type (please choose most applicable):

____ Dialysis/Nephrology          ✓ Oncology/Hematology
____ Hospital                      ____ Individual (Patient)
____ Hospital Outpatient Clinic    ____ Surgery Center
____ Wholesaler/Distributor        ____ Home Health Care
____ Physician – Please provide specialty_____
____ Other – Please specify_____

Sales tax information (please choose only one):

____ Federal Government (provide exemption documentation)F
____ State/Local Government (provide exemption certificate)G
____ Not for Profit (provide exemption certificate, or IRS Determination Letter)N
____ Retailer (provide Resale Certificate)R
____ Wholesaler (provide Resale Certificate)W
✓ Physician (provide resale certificate, if applicable)P
____ Other For Profit Healthcare – Nontaxable (resale certificate, if applicable)H
____ Other For Profit Healthcare – Taxable-Y
____ All Others – Taxable-Y

OSC frequently uses e-mail to efficiently deliver important information to our accounts. Please enter a general e-mail address for your office that we should send general correspondence to (i.e. shipment notification, recall notices, backorder status, special offers, etc)

e-mail address:_____

Signed:_____                    Title:_____

Print Name:_____                Date:_____

Telephone: 888-877-3430
Facsimile: 800-248-8205

```
Jan 28 04 04:24p     ONCOLOGY & HEMAT CENTERS    404-296-2064        p.1
01/28/2004 16:18 FAX 3349842118  | ONCOLOGY SUPPLY
```

# ONCOLOGY SUPPLY             40792

P.O. Box 2001 • Dothan, AL 36302 • Ph: (800) 633-7555 • Fax: (800) 248-8205

## PROPRIETOR GUARANTY

By signing this Application, I acknowledge that I have personally guaranteed the debts and obligations of my business and agree that I am personally obligated to perform all of the terms of, and make all payments to Oncology Supply Company required by, the credit application of which this agreement is part.

| First Name | Initial | Last Name | Social Security Number |
|---|---|---|---|
| Lloyd | G. | Geddes | 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 |

| Present Home Address | | | Home Phone Number |
|---|---|---|---|
| 1325 Scott Blvd. | | | (404) 296-2060 |

| City | State | | Zip |
|---|---|---|---|
| Decatur | Georgia | | 30030 |

| Authorized Signature | | | Date |
|---|---|---|---|
| Lloyd G. Geddes | | | 1/28/04 |

(If you wish to inquire upon multiple owners, you must have authorized access for each individual)

| First Name | Initial | Last Name | Social Security Number |
|---|---|---|---|
| | | | |

| Present Home Address | | | Home Phone Number |
|---|---|---|---|
| | | | |

| City | | State | Zip |
|---|---|---|---|
| | | | |

| Authorized Signature | | | Date |
|---|---|---|---|
| | | | |

A DIVISION OF ASD SPECIALTY HEALTHCARE

49792 Onc Hem Ctrs of Atlanta 5-26-05.xls

| ID | Invoice # | Order Date | Po/Ref # | Due Date | DBT | Invoice Amount | Date Payment Posted | Amount Posted | Balance Due | Account # |
|---|---|---|---|---|---|---|---|---|---|---|
| 130 | 10706777 | 8/12/2004 | | 10/26/2004 | 212 | $ 1,418.15 | 5/25/2005 | $ (290.30) | $ 1,127.85 | 49792 |
| 130 | 10707361 | 8/13/2004 | | 10/27/2004 | 211 | $ 328.70 | | $ - | $ 328.70 | 49792 |
| 130 | 10709156 | 8/16/2004 | | 10/30/2004 | 208 | $ 9,151.19 | | $ - | $ 9,151.19 | 49792 |
| 130 | 10710856 | 8/18/2004 | | 11/1/2004 | 206 | $ 1,622.38 | | $ - | $ 1,622.38 | 49792 |
| 130 | 10711560 | 8/18/2004 | | 11/1/2004 | 206 | $ 1,770.00 | | $ - | $ 1,770.00 | 49792 |
| 130 | 10712243 | 8/19/2004 | | 11/2/2004 | 205 | $ 2,757.40 | | $ - | $ 2,757.40 | 49792 |
| 130 | 10715147 | 8/23/2004 | | 11/6/2004 | 201 | $ 927.25 | | $ - | $ 927.25 | 49792 |
| 130 | 10717680 | 8/25/2004 | maureen | 11/8/2004 | 199 | $ 9,735.34 | | $ - | $ 9,735.34 | 49792 |
| 130 | 10719926 | 8/27/2004 | | 11/10/2004 | 197 | $ 5,142.60 | | $ - | $ 5,142.60 | 49792 |
| 130 | 10720501 | 8/30/2004 | | 11/13/2004 | 194 | $ 3,191.05 | | $ - | $ 3,191.05 | 49792 |
| 130 | 10723242 | 9/1/2004 | | 11/15/2004 | 192 | $ 7,149.44 | | $ - | $ 7,149.44 | 49792 |
| 130 | 10724489 | 9/2/2004 | | 11/16/2004 | 191 | $ 115.94 | | $ - | $ 115.94 | 49792 |
| 130 | 10725266 | 9/2/2004 | maureen | 11/16/2004 | 191 | $ 2,798.52 | | $ - | $ 2,798.52 | 49792 |
| 130 | 10727521 | 9/7/2004 | | 11/21/2004 | 186 | $ 3,906.50 | | $ - | $ 3,906.50 | 49792 |
| 130 | 10727522 | 9/7/2004 | | 11/21/2004 | 186 | $ 626.88 | | $ - | $ 626.88 | 49792 |
| 130 | 10728783 | 9/8/2004 | | 11/22/2004 | 185 | $ 6,021.97 | | $ - | $ 6,021.97 | 49792 |
| 130 | 10730256 | 9/9/2004 | mourne | 11/23/2004 | 184 | $ 1,322.70 | | $ - | $ 1,322.70 | 49792 |
| 130 | 10730836 | 9/10/2004 | | 11/24/2004 | 183 | $ 170.15 | | $ - | $ 170.15 | 49792 |
| 130 | 10731325 | 9/10/2004 | clausha | 11/24/2004 | 183 | $ 2,647.15 | | $ - | $ 2,647.15 | 49792 |
| 130 | 10734486 | 9/14/2004 | maureen | 11/28/2004 | 179 | $ 8,013.78 | | $ - | $ 8,013.78 | 49792 |
| 130 | 10740815 | 9/22/2004 | DASHA | 12/6/2004 | 171 | $ 6,691.70 | | $ - | $ 6,691.70 | 49792 |
| 130 | 10742627 | 9/24/2004 | | 12/8/2004 | 169 | $ 340.55 | | $ - | $ 340.55 | 49792 |
| 130 | 10743149 | 9/24/2004 | | 12/8/2004 | 169 | $ 6,078.28 | | $ - | $ 6,078.28 | 49792 |
| 130 | 10743719 | 9/27/2004 | | 12/11/2004 | 166 | $ 6,311.95 | | $ - | $ 6,311.95 | 49792 |
| 130 | 10746388 | 9/29/2004 | | 12/13/2004 | 164 | $ 4,945.91 | | $ - | $ 4,945.91 | 49792 |
| 130 | 10748426 | 9/30/2004 | | 12/14/2004 | 163 | $ 122.10 | | $ - | $ 122.10 | 49792 |
| 130 | 10750068 | 10/4/2004 | | 12/18/2004 | 159 | $ 7,180.30 | | $ - | $ 7,180.30 | 49792 |
| 130 | 10750069 | 10/4/2004 | | 12/18/2004 | 159 | $ 5,153.94 | | $ - | $ 5,153.94 | 49792 |
| 130 | 10751408 | 10/5/2004 | | 12/19/2004 | 158 | $ 5,209.79 | | $ - | $ 5,209.79 | 49792 |
| 130 | 10751409 | 10/5/2004 | | 12/19/2004 | 158 | $ 1,424.85 | | $ - | $ 1,424.85 | 49792 |
| 130 | 10754920 | 10/8/2004 | | 12/22/2004 | 155 | $ 9,731.89 | | $ - | $ 9,731.89 | 49792 |
| 130 | 10754921 | 10/8/2004 | | 12/22/2004 | 155 | $ 155.69 | | $ - | $ 155.69 | 49792 |
| 130 | 10756119 | 10/11/2004 | | 12/25/2004 | 152 | $ 5,115.94 | | $ - | $ 5,115.94 | 49792 |
| 130 | 10757380 | 10/12/2004 | | 12/26/2004 | 151 | $ 3,276.53 | | $ - | $ 3,276.53 | 49792 |
| 130 | 10761486 | 10/15/2004 | | 12/29/2004 | 148 | $ 5,667.18 | | $ - | $ 5,667.18 | 49792 |
| 130 | 10763808 | 10/19/2004 | | 1/2/2005 | 144 | $ 3,599.73 | | $ - | $ 3,599.73 | 49792 |
| 130 | 10766341 | 10/21/2004 | | 1/4/2005 | 142 | $ 3,909.11 | | $ - | $ 3,909.11 | 49792 |
| 130 | 10767155 | 10/22/2004 | | 1/5/2005 | 141 | $ 11,057.24 | | $ - | $ 11,057.24 | 49792 |
| 130 | 10783385 | 10/25/2004 | | 1/8/2005 | 138 | $ 529.43 | | $ - | $ 529.43 | 49792 |

Total Principle Balance $ 155,028.90
Total Interest (average) $ 15,502.89
Total Balance to Collect $ 170,531.79

Statement 5-25-05


EXHIBIT "2"

# In the United States District Court
# For the Middle District of Alabama

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC. dba ONCOLOGY SUPPLY COMPANY,  ) | ALIAS SUMMONS |
| ) | |
| Plaintiff(s),  ) | (Issued pursuant to Rule 4 |
| ) | of the Federal Rules of |
| v.  ) | Civil Procedure or other |
| ) | appropriate laws.) |
| ONCOLOGY HEMATOLOGY CENTERS OF  ) | |
| ATLANTA, P.C. AND LLOYD G. GEDDES,  ) | CIVIL ACTION CASE NUMBER: |
| ) | 1:05-CV-00591-MEF-SRW |
| Defendant(s).  ) | |

TO DEFENDANT

Oncology Hematology Centers of Atlanta, P.C.
c/o Raquel M. Gayle, Registered Agent
600 Peachtree Street, Suite 5200
Atlanta, Georgia 30308

You are hereby summoned and required to serve upon plaintiff's attorney(s):

James J. Robinson, Esq.
Heath A. Fite, Esq.
BURR & FORMAN LLP
420 North 20th Street, Suite 3100
Birmingham, Alabama 35203

a response to the complaint which is herewith served upon you, within 20 days after service of this alias summons upon you, exclusive of the day of service. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. A signed copy of your response MUST also be filed with the court.

DATE: Oct. 3, 2005

Debra P. Hackett    CLERK

By: [signature]

(SEAL OF COURT)

SEE REVERSE SIDE FOR RETURN

NOTE: A separate summons must be prepared for each defendant.

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
One Church Street, Courthouse
Montgomery, Alabama 36104

(3/92)
1400087


EXHIBIT 2

CASE NO. 1:05-CV-00591-MEF-SRW

## RETURN ON SERVICE OF WRIT

I hereby certify and return that on the __6__ day of __Oct__, 2005, I served this alias summons together with the complaint as follows:

☐ By personal service on the defendant at

☐ By serving a person of suitable age and discretion then residing in the defendant's usual place of abode. (Give name and address of person served.)

☒ By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the defendant corporation, partnership, or unincorporated association. (Give name, capacity and address of person served.)

Raquel M. Gayle, Registered Agent for
Oncology Hematology Centers of Atlanta, P.C.
600 Peachtree Street, Suite 5200
Atlanta, Georgia 30308

*I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

10/6/05
*Date*

_____
*Authorized or Specially Appointed Process Server*

I hereby certify and return this ____ day of _____, ____, that I am unable to locate the individual, company, corporation, etc. named in this summons.

*I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

_____
*Date*

*Authorized or Specially Appointed Process Server*

Cost of Service:   Service fee:                                           $ 0.00
                   Expenses: ____ miles @ ____ cents                      $ 0.00

                                                        TOTAL:            $ 0.00

1400087