IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC. d/b/a ONCOLOGY SUPPLY COMPANY, <br><br> **Plaintiff,** <br><br> v. <br><br> ONCOLOGY HEMATOLOGY CENTERS OF ATLANTA, P.C. and LLOYD G. GEDDES, <br><br> **Defendants.** | ) ) ) ) ) ) ) **CIVIL ACTION NO.** ) **1:05-cv-591-MEF** ) ) ) ) ) ) |

**PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER SETTING A SCHEDULING CONFERENCE OR FOR ENTRY OF A SCHEDULING ORDER, OR, IN THE ALTERNATIVE, FOR ENTRY OF AN ORDER REQUIRING DEFENDANT TO ATTEND IN PERSON A RULE 26(F) CONFERENCE**

The Plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company (hereafter "Plaintiff" or "ASD"), by and through its counsel, hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 16(b) for entry of an Order setting a scheduling conference and/or entry of a Scheduling Order in conformity with the attached Report of the Parties' Planning Meeting, or, in the alternative, pursuant to Rule 26(f), for entry of an Order requiring Defendant Lloyd G. Geddes, M.D. (hereafter "Defendant" or "Geddes") to attend a conference of the parties in person either at office for Plaintiff's counsel or in court as soon as is practicable. In support of this motion, Plaintiff states as follows:

**I.
INTRODUCTION AND PROCEDURAL BACKGROUND**

1.   ASD is a supplier of medical and pharmaceutical products.

2.      ASD filed this action on June 22, 2005, seeking a judgment in excess of $170,000 for medical and/or pharmaceutical products ASD sold and delivered to Geddes which, despite demand, Geddes has not paid for.

3.      By Order dated July 20, 2005, the Court ordered the parties to conduct a Party Planning Meeting.

4.      On August 8, 2005, counsel for Plaintiff and Geddes, on behalf of himself, conducted such a party planning meeting. However, the report was never submitted because the Court, by Order dated August 10, 2005, continued the deadline for filing a Rule 26(f) Report. (*See* Ex. A, 1st Report.)

5.      On December 12, 2005, the Court again ordered the parties to file a Rule 26(f) Report no later than January 4, 2006.

6.      On December 19, 2005, counsel for Plaintiff sent Geddes a proposed Rule 26(f) Report. (*See* Ex. B, Corresp. Encl. 2d Report.) Geddes, however, ignored that correspondence and never signed the proposed Report. Neither did Geddes inform Plaintiff's counsel of any objection to the terms of the proposed Report.

7.      Accordingly, on January 5, 2006, counsel for Plaintiff submitted a Report of the Parties' Planning Meeting signed by counsel for Plaintiff, which contained the provisions of the proposed Report sent to Geddes. Geddes never voiced any opposition to the proposed Report of Parties' Planning Meeting which Plaintiff filed. Nevertheless, the Court did not enter a Scheduling Order in this action.

8.      Surmising the Court's unwillingness to enter a Scheduling Order without a Report signed by all parties, on Friday, March 10, 2006, ASD's counsel prepared another proposed Report, and sent it to Geddes for delivery on Monday, March 13, 2006, along with

correspondence informing that he would call Geddes on Monday to discuss. (*See* Ex. C, Corresp. Encl. 3d Report.)

9. During the afternoon of March 13, 2006, ASD's counsel called Geddes' office and left a message asking Geddes to call. Later that afternoon, Geddes called, but was not able to discuss the contents of the proposed Report or the issue concerning his initial disclosures because he had not yet reviewed the mailing. ASD's counsel asked Geddes to sign and send the Report back by the morning of March 17, 2006, if he approved of its terms and, otherwise, asked Geddes to call that week to discuss, particularly, if there was anything in the proposed Report Geddes wanted to change.

10. Again, on March 16, 2006, having neither heard nor received anything from Geddes, Plaintiff's counsel called Geddes' office in an attempt to confer with Geddes about the proposed Report and Geddes' initial disclosures. Geddes was not available, Plaintiff's counsel left a message asking that Geddes call him.

11. Again, on March 17, 2006, having neither heard nor received anything from Geddes, Plaintiff's counsel called Geddes' office in an attempt to confer with Geddes. Geddes was not available, Plaintiff's counsel left a message asking that Geddes call him. Geddes has not returned these calls.

12. Accordingly, today, Plaintiff's counsel filed another Report of the Parties Planning Meeting containing the terms of the proposed Report submitted to Geddes on March 13, 2006. (*See* Ex. F, Report.) Because Geddes has expressed no opposition to the Report, despite repeated attempts seeking his input, Plaintiff's counsel maintains that he consents to its terms and urges the Court to enter a Scheduling Order conforming with the Report attached as Exhibit F.

## II.
## ARGUMENT

13.    Federal Rule of Civil Procedure 16(b) provides in pertinent part that

> the district judge, or a magistrate judge when authorized by district court rule, shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail or other suitable means, shall enter a scheduling order . . .

14.    ASD's counsel has done everything it can to encourage Geddes' participation in a party planning meeting for this action. However, Geddes has been unwilling to sign the proposed Rule 26(f) Reports sent to him. ASD's counsel's explicit requests to discuss the proposed Report and three calls last week in an attempt to obtain Geddes' views on the terms of the proposed Report have been to no avail. Accordingly, ASD urges that the Court deem that Geddes has no opposition to the Report attached hereto as Exhibit F and enter a Scheduling Order in conformity with its terms or to enter an Order setting a scheduling conference so that a scheduling order may be entered under Rule 16(b).

15.    Alternatively, pursuant to Rule 26(f), ASD requests that the Court order Geddes to attend a conference of the parties in person either at office for Plaintiff's counsel or in Court on a date certain.

WHEREFORE, ASD respectfully requests that the Court enter an Order setting a scheduling conference and/or entry of a Scheduling Order in conformity with the Report attached as Exhibit F, or, in the alternative, pursuant to Rule 26(f), enter an Order requiring Geddes to attend a conference of the parties in person either at office for Plaintiff's counsel or in court on a date certain.

              Respectfully submitted,

              /s/ Heath A. Fite_____
              Heath A. Fite FIT011
              Attorney for Plaintiff

**OF COUNSEL:**

**BURR & FORMAN, LLP**
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203

## CERTIFICATE OF SERVICE

  I hereby certify that on the 20th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all properly registered parties. I hereby certify that on the 20th day of March, 2006, I served the following by directing the same to their office addresses through first-class, United States mail, postage prepaid:

            Raquel Gayle,
          Registered Agent for OHCA
            Powell Goldstein
          1201 West Peachtree Street
            14th Floor
           Atlanta, GA  30309

           Lloyd G. Geddes, Jr. MD
       Oncology Hematology Centers of Atlanta, P.C.
          465 Winn Way, Suite 231
          Decatur, Georgia  30030

              /s/ Heath A. Fite_____
              Of Counsel