**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ASD SPECIALTY HEALTHCARE, INC. d/b/a** )<br>**ONCOLOGY SUPPLY COMPANY,** )<br> )<br>    **Plaintiff,** )<br> )<br>**v.** )<br> )<br> )<br>**ONCOLOGY HEMATOLOGY CENTERS OF** )<br>**ATLANTA, P.C. and LLOYD G. GEDDES,** )<br> )<br>    **Defendants.** ) | **CIVIL ACTION NO.**<br>**1:05-cv-591-MEF** |

**PLAINTIFF'S MOTION TO COMPEL INITIAL DISCLOSURES**
**OF DEFENDANT LLOYD G. GEDDES, M.D.**

The Plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company (hereafter "Plaintiff" or "ASD"), by and through its counsel, hereby moves this Honorable Court pursuant to Federal Rule of Civil Procedure 37 for an order compelling Defendant Lloyd G. Geddes, M.D. (hereafter "Defendant" or "Geddes") to make the initial disclosures required by Rule 26(a).

**I.**
**INTRODUCTION AND PROCEDURAL BACKGROUND**

1.    ASD is a supplier of medical and pharmaceutical products.

2.    ASD filed this action on June 22, 2005, seeking a judgment in excess of $170,000 for medical and/or pharmaceutical products ASD sold and delivered to Geddes which, despite demand, Geddes has not paid for.

3.    By Order dated July 20, 2005, the Court ordered the parties to conduct a Party Planning Meeting.

4.    On August 8, 2005, counsel for Plaintiff and Geddes, on behalf of himself, conducted such a party planning meeting.  However, the report was never submitted because the Court, by Order dated August 10, 2005, continued the deadline for filing a Rule 26(f) Report. (*See* Ex. A, 1st Report.)

5.    On December 12, 2005, the Court again ordered the parties to file a Rule 26(f) Report no later than January 4, 2006.

6.    On December 19, 2005, counsel for Plaintiff sent Geddes a proposed Rule 26(f) Report.  (*See* Ex. B, Corresp. Encl. 2d Report.)  Geddes, however, ignored that correspondence and never signed the proposed Report.  Neither did Geddes inform Plaintiff's counsel of any objection to the terms of the proposed Report.

7.    On January 5, 2006, Plaintiff's counsel filed a Report of the Parties' Planning Meeting signed by Plaintiff's counsel, which contained the provisions of the proposed Report sent to Dr. Geddes.  Geddes never voiced any opposition to the terms or filing of the Report of Parties' Planning Meeting.

8.    ASD's counsel has made numerous attempts to confer in good faith with Geddes in an attempt to secure the initial disclosures without intervention.  By letter dated February 15, 2005, ASD's counsel asked Geddes to forward his initial disclosures as soon as possible.  (*See* Ex. C, Corresp.)

9.    Again, by letter dated March 10, 2006, ASD's counsel asked Geddes to provide him with initial disclosures by the morning of March 17, 2006, or he would move the court to compel Geddes' to submit his initial disclosures.  (*See* Ex. D, Corresp.)

10.    Surmising the Court's unwillingness to enter a Scheduling Order without a Report signed by all parties, on Friday, March 10, 2006, ASD's counsel prepared another proposed

Report, and sent it to Geddes for delivery on Monday, March 13, 2006, along with correspondence informing that he would call Geddes on Monday to discuss.  (*See* Ex. E, Corresp. Encl. 3d Report.)

11.    During the  afternoon of March 13, 2006, ASD's counsel called Geddes' office and left a message asking Geddes to call.  Later that afternoon, Geddes called, but was not able to discuss the contents of the proposed Report or the issue concerning his initial disclosures because he had not yet reviewed the mailing.  ASD's counsel asked Geddes to sign and send the Report back by the morning of March 17, 2006, if he approved of its terms and, otherwise, asked Geddes to call that week to discuss, particularly, if there was anything in the proposed Report Geddes wanted to change.

12.    Again, on March 16, 2006, having neither heard nor received anything from Geddes, Plaintiff's counsel called Geddes' office in an attempt to confer with Geddes about the proposed Report and Geddes' initial disclosures.  Geddes was not available, Plaintiff's counsel left a message asking that Geddes call him.

13.    Again, on March 17, 2006, having neither heard nor received anything from Geddes, Plaintiff's counsel called Geddes' office in an attempt to confer with Geddes.  Geddes was not available, Plaintiff's counsel left a message asking that Geddes call him.  Geddes has not returned these calls.

14.    On January 25, 2006, ASD submitted its initial disclosures to Geddes.  To date, Geddes has not submitted any initial disclosures.

15.    By signing this motion, Plaintiff's counsel hereby certifies that he has made good faith attempts to confer with Geddes concerning the discovery at issue in this motion.

## II.
## ARGUMENT

16.    Federal Rule of Civil Procedure 26(a)(1) requires each party to submit its initial disclosures

> at or within fourteen (14) days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan.

17.    The court has not ordered and the parties have not stipulated to a different time for submitting initial disclosures than provided by Rule 26(a)(1).  Despite his active participation in one Rule 26(f) conference and implicit acceptance of ASD's proposals in two other attempts to work out a scheduling plan for the court, Geddes has never objected to initial disclosures and none of the Rule 26(f) discovery plans state an objection to initial disclosures.

18.    Nonetheless, Geddes has not submitted any initial disclosures to Plaintiff, and has ignored Plaintiff's attempts to obtain them without court involvement.  ASD's counsel has attempted to confer in good faith concerning the initial disclosures in order to secure them without Court action.  Those attempts were to no avail.

19.    Under these circumstances, Plaintiff is entitled to the discovery requested in this motion as well as the costs incurred in seeking it. Rule 26(a)(1) clearly require Geddes to provide the initial disclosures.  Rule 37(a)(2)(A) authorizes ASD to move the compel Geddes to submit initial disclosures and to seek sanctions.

WHEREFORE, ASD respectfully requests that the Court enter an Order compelling Geddes to provide initial disclosures and awarding ASD appropriate sanctions, including its reasonable expenses and attorneys' fees accrued in seeking to obtain them.

4

Respectfully submitted,

/s/ Heath A. Fite_____  __
Heath A. Fite FIT011
Attorney for Plaintiff

**OF COUNSEL:**

**BURR & FORMAN, LLP**
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203

## CERTIFICATE OF SERVICE

    I hereby certify that on the 20th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all properly registered parties.  I hereby certify that on the 20th day of March, 2006, I served the following by directing the same to their office addresses through first-class, United States mail, postage prepaid:

Raquel Gayle,
Registered Agent for OHCA
Powell Goldstein
1201 West Peachtree Street
14th Floor
Atlanta, GA  30309

Lloyd G. Geddes, Jr. MD
Oncology Hematology Centers of Atlanta, P.C.
465 Winn Way, Suite 231
Decatur, Georgia  30030

/s/ Heath A. Fite_____
Of Counsel

5