IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC. ) <br> d/b/a ONCOLOGY SUPPLY COMPANY ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ONCOLOGY HEMATOLOGY CENTERS ) <br> OF ATLANTA, P.C., *et. al.*, ) <br> ) <br>     Defendants. ) | Case No. 1:05-cv-591-MEF <br> (WO - not for publication) |

## **ORDER**

This cause is before the Court on Defendant Oncology Hematology Centers of Atlanta, PC's Motion to Set Aside Entry of Default (Doc. # 36). Upon consideration, the Court finds that this motion is due to be GRANTED.

### **I. Background and Procedural History**

On June 22, 2005, Plaintiff ASD Specialty Healthcare, Inc. (hereinafter "ASD") filed suit against Defendants Oncology Hematology Centers of Atlanta, PC (hereinafter "OHCA") and Lloyd G. Geddes, alleging breach of contract and unjust enrichment. On July 18, 2005, Geddes, *pro se*, filed an answer on behalf of himself and OHCA. On August 10, 2005, the Court entered an Order requiring OHCA to retain counsel by September 23, 2005 (Doc. # 9). The Order stated that failure to obtain counsel would allow ASD to seek default judgment against OHCA for the full amount requested in the Complaint. On October 28, 2005, ASD filed an Application to Clerk of Court for Entry of Default Against Defendant

Oncology Hematology Centers of Atlanta, P.C. (Doc. # 13), stating that OHCA had still not obtained counsel. On November 2, 2005, the Clerk of the Court entered a default against OHCA (Doc. # 14). On November 7, 2005, ASD filed a motion for default judgment against OHCA (Doc. # 15), which was denied on December 5, 2005 (Doc. # 19). On December 12, 2005, the Court entered an Order directing the parties to file a Rule 26(f) report by January 4, 2006 (Doc. # 20). On March 20, 2006, counsel for ASD filed a motion for a scheduling conference, stating that despite his best efforts, he had not been able to get Geddes to meet with him to prepare the Rule 26(f) report (Doc. # 25). In a March 23, 2006 Order, the Court granted ASD's request for a scheduling conference, and again reminded Geddes that he needed to obtain counsel for OHCA (Doc. # 27). A scheduling conference before Magistrate Judge Walker was set for April 10, 2006 (Doc. # 28). On April 10, 2006, counsel David Allred entered an appearance on behalf of OHCA and Geddes (Docs. # 29 & 31). On April 11, 2006, the parties filed a Rule 26(f) report (Doc. # 34) and on April 12, 2006 the Court entered a scheduling order setting this case for trial on February 26, 2007 (Doc. # 35). On April 12, 2006, OHCA filed the Motion to Set Aside Entry of Default (Doc. # 36) presently at issue.

## II. Discussion

Federal Rule of Civil Procedure 55(c) allows a court to set aside a clerk's entry of default "for good cause shown." Fed.R.Civ.P. 55(c). The decision to set aside an entry of default is within the discretion of the court. *Robinson v. U.S.*, 734 F.2d 735, 739 (11th

Cir.1984). Defaults are not generally favored and doubts should be resolved in favor of permitting a hearing on the merits. *Rasmussen v. W.E. Hutton & Co.,* 68 F.R.D. 231, 233 (N.D. Ga. 1975).

In addition, the "good cause" standard to be applied in removing a party from default under Fed.R.Civ.P. 55(c) is more liberal than, and should not be confused with, the standard set out in Fed.R.Civ.P. 60(b) for setting aside a default judgment. In setting aside a default judgment the courts apply an "excusable neglect" standard, which is more rigorous than the "good cause" standard that is utilized in setting aside an entry of default. *See Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988); *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).

In its Motion to Set Aside Entry of Default, Defendant OHCA state that Geddes was "under the mistaken belief that his settlement discussions with plaintiff . . . would prevent adverse action against OHCA." OHCA further states that both Defendants have now retained counsel and that they understand that they must strictly comply with all of the Court's deadlines. The Court finds that OHCA has made a bare minimum showing to support relief under Federal Rule of Civil Procedure 55(c). *See Jones,* 858 F.2d at 669 (holding that setting aside of tort defendant's default prior to entry of judgment was not abuse of discretion based upon evidence that defendant made a bare minimum showing to

support relief under Rule 55(c)). As a result, upon consideration of the good cause[1] shown, the Court concludes that OHCA's motion to set aside default is due to be GRANTED.

### III. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that the Motion to Set Aside Entry of Default (Doc. # 36) is GRANTED. The Default entered by the Clerk of the Court against OHCA (Doc. # 14) is hereby set aside.

DONE this the 3rd day of May, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that it does not excuse Defendant OHCA's failure to timely obtain counsel or Geddes' failure to meet with ASD to prepare a 26(f) report. Nonetheless, the Court concludes that its doubts should be resolved in favor of permitting a hearing on the merits. *See Rasmussen*, 68 F.R.D. 231.