IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., d/b/a ONCOLOGY SUPPLY, | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : NO. 1:05-cv-0591-MEF |
| | : |
| ONCOLOGY & HEMATOLOGY CENTERS OF ATLANTA, P.C., and LLOYD G. GEDDES, | : |
| | : |
| Defendants. | : |

### PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS AGAINST DEFENDANTS

COMES NOW Plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply ("Plaintiff" or "ASD"), by and through its counsel, and hereby moves this Honorable Court to render a judgment by default against Defendants Lloyd G. Geddes ("Geddes") and Oncology & Hematology Centers of Atlanta, P.C. ("OHCA") (collectively "Defendants") and other appropriate sanctions pursuant to Federal Rule of Civil Procedure 37. Plaintiff asks that the court sanction Defendants pursuant to Rule 37 because of Defendants' refusal to engage in discovery in this matter in direct contravention of the Court's Order directing them to do so. In support of this motion, Plaintiff states the following:

### I. PROCEDURAL HISTORY AND FACTUAL STATEMENT

1. Plaintiff filed this action on June 22, 2005, to obtain payment for the medical and pharmaceutical products it supplied to Defendants.

2. The pleadings show Defendants' consistent refusal to participate in this action in contravention of the duties imposed upon them to do so by the Federal Rules of Civil Procedure and the Court's Orders entered in this action. Defendant OHCA refused to retain counsel until

1486372

April 10, 2006, despite the Court's August 12, 2005, Order that it do so by September 23, 2005. Defendants refused to engage in a Rule 26(f) conference. Defendants refused to provide the disclosures required of them by Rule 26(a)(1) until Plaintiff moved the Court to compel them.

    3.    Even after retaining counsel in April 2006, Defendants refused to participate in the discovery requirements of the Federal Rules of Civil Procedure.

    4.    On March 13, 2006, and pursuant to Federal Rule of Civil Procedure 33, ASD propounded Interrogatories on Defendants, attached hereto as Exhibit 1.

    5.    On April 12, 2006, Defendants moved for additional time to respond to the Interrogatories and other discovery requests. On April 11, 2006, the Court granted the motion and ordered Defendants to respond by May 10, 2006.

    6.    To date, Defendants have provided no responses to ASD's Interrogatories.

    7.    On July 12, 2006, the Court orally ordered Defendants to participate in the discovery required by Federal Rules of Civil Procedure 30, 31, 33, 34, and 36, and referred to the sanctions for discovery violations under Federal Rule of Civil Procedure 37, and specifically the sanction of rendering a judgment by default under Rule 37(b)(2)(C). The minutes memorializing this oral order are attached as Exhibit 2. The Court also directed ASD's Counsel to set during the next thirty days whatever future discovery deemed necessary at a mutually convenient time a location.

    8.    Immediately following the hearing, Counsel for the parties discussed Plaintiff's intent under Rule 30 to take depositions of Geddes and a Rule 30(b)(6) representative of OHCA. Counsel for the parties surmised that such depositions could be taken either July 27 or July 28, 2006, in offices of Counsel for Defendants in Montgomery, Alabama. The next day, Counsel for

the parties mutually agreed that the depositions be set on July 27, 2006, at 10:30 CDT at the office of Counsel for Defendants in Montgomery, Alabama.

9. On July 14, 2006, pursuant to Rule 30, ASD noticed the depositions of Geddes and a Rule 30(b)(6) representative of OHCA at the agreed upon time, date, and location and served Defendant's Counsel with the notices by facsimile, with originals to follow by First Class Mail. The deposition notices are attached as Exhibit 3.

10. Neither Geddes nor a Rule 30(b)(6) representative for OHCA appeared for deposition. A transcript of the attempted depositions is attached as Exhibit 4.

11. It is undisputed that Geddes and OHCA agreed to pay for the goods they ordered and for which they were invoiced. (Pl's Req for Admiss ¶¶ 1, 2, 3, 5, attached hereto as Exhibit 5; Defs' Resps to Admiss ¶¶ 1, 2, 3, 5, attached hereto as Exhibit 6.) It is undisputed that ASD is entitled to charge interest at the contractual rate of eighteen percent per annum on each outstanding unpaid invoice. (Ex. 5 ¶ 4 and attached Exhibits B, C; Ex. 6 ¶ 4.) Furthermore, Defendants admit that as of April 30, 2006, they owed to ASD the principal balance of $101,676.57. (Ex. 5 ¶ 5; Ex. 6 ¶ 5.)

12. According to ASD's calculations, the principal the principal balance is $101,678.65. (Lewis Aff. ¶ 6, attached hereto as Exhibit 7.) As of October 28, 2005, the balance due, including interest calculated at the contractual rate, totaled $117.725.41. (*Id.* ¶ 7.)

13. Defendants also agreed to pay reasonable attorney fees ASD incurs in attempting to collect the unpaid debt. (Ex. 5 ¶¶ 2, 6, 7 and attached Exhibits B, C; Ex. 6 ¶¶ 2, 6, 7.) As of August 1, 2006, ASD as incurred attorney fees on this matter from Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, totaling $14,843.10, of which $4,547.85 represents costs. (Ex. 8, Declaration of Shahan G. Teberian ¶ 2.) As of August 1, 2006, ASD as incurred attorney fees on

this matter from Burr & Forman, LLP, totaling $5,643.95, of which $470.95 represents costs. (Ex. 9, Decl. of Health A. Fite ¶ 2.)

## II. ARGUMENT

Federal Rule of Civil Procedure 37(b)(2)(C) provides in pertinent part that:

If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery . . ., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, . . . or rendering a judgment by default against the disobedient party.

On July 12, 2006, the Court entered just such an order. The Court ordered Defendants to participate in the discovery required by Federal Rules of Civil Procedure 30, 31, 33, 34, and 36, and referred to the sanctions for discovery violations under Federal Rule of Civil Procedure 37, and specifically the sanction of rendering a judgment by default under Rule 37(b)(2)(C). (*See* Ex. 2.) Despite the Court's order which specifically referenced the availability of entry of default judgment as a sanction, Defendants have continued to violate the Rules 30 and 33 by failing to providing Interrogatory responses and failing to appear for their duly-scheduled depositions. These violations along with Defendants' persistent refusal to participate in this action show that rendering a default judgment against them is an appropriate and just sanction.

Defendants do not dispute that they owe ASD a principal balance of $101,676.57. (Ex. 5 ¶ 5; Ex. 6 ¶ 5.) According to ASD's records, the principal balance is actually $101,678.65 (Ex. 7 ¶ 6.) As of October 28, 2005, the balance due, including interest calculated at the contractual rate, totaled $117.725.41. (*Id.* ¶ 7.) Defendants also agreed to pay reasonable attorney fees ASD incurs in attempting to collect the unpaid debt. (Ex. 5 ¶¶ 2, 6, 7 and attached Exhibits B, C; Ex. 6 ¶¶ 2, 6, 7.) As of August 1, 2006, those fees total $20,487.05, of which $5018.80 represents

1486372                                  4

costs/expenses. (Ex. 8 ¶ 2; Ex. 9 ¶ 2.) These fees are entirely reasonable especially since the lion's share of them was necessitated by Defendants' refusal to participate in this action as required by the Federal Rules and Orders of this Court.

### III.  CONCLUSION

Defendants have consistently refused to participate in discovery and continued to do so in direct contravention of this Court's July 12, 2006, Order. Under these circumstances Rule 37(b)(2)(C) authorizes the Court to render judgment by default against Defendants. Such a sanction is just under these circumstances. Accordingly, ASD respectfully requests that the Court render default judgment against Defendants in the amount of $ 117.725.41 plus attorney fees and costs/expenses in an amount of $20,487.05, for a total of $138,249.46, and to make such other sanctions against Defendants as are appropriate.

Respectfully submitted,

/s/ Heath A. Fite
Reid S. Manley (MAN039)
Heath A. Fite (FIT011)

Attorneys for Plaintiff
ASD SPECIALTY HEALTHCARE, INC.

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203-5206
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

      I hereby certify that on August 2, 2006, I have served a copy of the foregoing document by Notice of Electronic Filing to David E. Allred.

                                        /s/ Heath A. Fite_____
                                        Heath A. Fite