IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC. d/b/a ONCOLOGY SUPPLY COMPANY, ) ) ) ) Plaintiff, ) ) v. ) ) ) ONCOLOGY HEMATOLOGY CENTERS OF ) ATLANTA, P.C. and LLOYD G. GEDDES, ) ) Defendants. ) | CIVIL ACTION NO. 1:05-cv-591-MEF |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES ADDRESSED TO DEFENDANTS ONCOLOGY AND HEMATOLOGY CENTERS OF ATLANTA AND LLOYD G. GEDDES

TO:  Raquel Gayle,
     Registered Agent for OHCA
     Powell Goldstein
     1201 West Peachtree Street
     14th Floor
     Atlanta, GA  30309

     Lloyd G. Geddes, Jr. MD
     Oncology Hematology Centers of Atlanta, P.C.
     465 Winn Way, Suite 231
     Decatur, Georgia  30030

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company, by and through its undersigned attorneys, hereby requests that the defendants Oncology and Hematology Centers of Atlanta and Lloyd G. Geddes (collectively, the "Respondents") answer the following Interrogatories under oath within thirty (30) days of the date of service hereof.

1445525

EXHIBIT 1

## **DEFINITIONS**

A.   As used in these Interrogatories, the following terms shall have the meaning set forth below:

B.   "Plaintiff" or "ASD" means the plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company, and its predecessors-in-interest, and any officers, partners, agents, representatives and/or employees of any of them.

C.   "Geddes" means Lloyd G. Geddes, and his agents, representatives and/or employees.

D.   "OHCA" shall mean Oncology and Hematology Centers of Atlanta, its shareholders, officers, directors, employees, agents, owners, managers, members, attorneys and/or representatives.

E.   "You" or "your" means Geddes and/or OHCA and/or any other party responding to these Interrogatories.

F.   "Defendants" shall mean OHCA, Geddes, and/or either of them.

G.   "The Action" shall mean the above-captioned action in which a complaint was filed against the Defendants.

H.   "The Complaint" shall mean the Complaint filed on or about June 22, 2005, at the above-captioned docket number.

I.   "The Answer" shall mean the answer to the Complaint, filed by the Defendants on or about July 15, 2005.

J.   "The Interrogatories" shall mean the Plaintiff's First Set of Interrogatories addressed to the Defendants.

2

1445525

K. "The Admissions" shall mean the Plaintiff's First Set of Requests for Admissions Directed to the Defendants.

L. "Person" means any natural individual or any corporation, firm, partnership, proprietorship, association, joint venture, governmental entity or any business organization or any other entity.

M. "Document" means any kind of written or graphic material, however produced or reproduced, of any kind or description, whether sent or received or neither, which is in your possession, custody and/or control, including originals, non-identical copies, and drafts and both written sides of such material, including but not limited to any and all written, filmed, graphic and audio or visually recorded matter of every kind and description however produced or reproduced, whether draft or final, original or reproduction, whether performed or reproduced or on paper, cards, tapes, film, electronic facsimile, electronic mail, computer storage devices, or any other media, including but not limited to, papers, books, letters, writings, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, interoffice communications, interoffice communications, memoranda, notes, notations, records, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, conferences, meetings, affidavits, statements, CD ROM, floppy or hard disks, charts, graphs, specifications, drawings, blueprints, summaries, opinions, proposals, reports, studies, analyses, audits, evaluations, contracts, agreements, covenants, understandings, permits, licenses, journals, statistical records, ledgers, books of account, bookkeeping entries, financial statements, tax returns, vouchers, checks, check stubs, invoices, receipts, desk calendars, appointment books, diaries, lists, tabulations,

summaries, time sheets, logs, sound output, microfilms, microfiches, all records kept by electronic, photographic or mechanical means, tapes, computer tapes, tape recordings, computer printouts, input-output computer systems and all other informal or formal writing or tangible things on which any handwriting, typing, printing, sound signal impulse or symbol is recorded or reproduced and any and all amendments or supplements to any of the foregoing whether prepared by you or any other person, and all things similar to any of the foregoing documents. If a document is referred to, the reference shall include, but shall not be limited to, the original and each and every copy and draft thereof differing in any way from the original, if an original exists, or each and every copy and draft if no original exists.

  N. "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

  O. "Communication(s)" means any manner of transmitting or receiving information, opinions or thoughts, whether orally, in writing or otherwise.

  P. "All documents" means any and all documents as defined above that are known to you or that can be located or discovered by your reasonably diligent efforts.

## RULES OF CONSTRUCTION

  A. "All" and "each" shall be construed as both all and each.

  B. The connective "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that otherwise might be construed to be outside of its scope.

  C. The singular includes the plural and vice versa.

1445525

## INSTRUCTIONS

A. Answer each Interrogatory separately and fully unless you object to it, in which case you should specifically state the reason for your objection.

B. To the extent you object in part to any Interrogatory, answer that part of the Interrogatory in question to which no objection is asserted.

C. In answering these Interrogatories, you should furnish all information available to you at the time of answering.

D. Unless otherwise stated, the relevant time period (the "Relevant Period") covering each Interrogatory is from January 1, 2004 to the current time.

E. Where precise or exact information, data or dates are not available or known, state approximate information data or dates and state that you have done so.

F. Whenever you answer an Interrogatory on information and/or belief, state the source of your information and/or the basis for your belief.

G. In each instance where you deny knowledge and/or information sufficient to answer any part of an Interrogatory, state the name and address of each person, if any, known or believed to have such knowledge and/or information.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the name, address and relationship to Defendants, if any, of each person(s) providing answers to these Interrogatories.

**INTERROGATORY NO. 2:**

Identify all persons whom you intend to call as witnesses at the trial of this case and summarize the facts to which each said person will testify.

**INTERROGATORY NO. 3:**

State the factual basis for your denials in the Answer of the allegations in the following paragraphs of the Complaint:

        (1)    11;

        (2)    13;
        (3)    14;
        (4)    15;
        (5)    20;
        (6)    21;
        (7)    43; and

        (8)    44.

**INTERROGATORY NO. 4:**

State the factual basis for each of the First through Eighth Defenses asserted by you in the Answer.

**INTERROGATORY NO. 5:**

Identify each payment or return of merchandise made by either of the Defendants to ASD by listing, for each payment or return:

    (a)    the date of the payment or return of merchandise;

    (b)    the manner in which the payment was made or the merchandise was returned;

    (c)    the amount of the payment or the specific merchandise returned;

    (d)    the address to which the payment or merchandise was delivered;

    (e)    the person who made the payment or who returned the merchandise; and

(f) any and all documents referring, relating and/or pertaining to the payment or return of merchandise.

## INTERROGATORY NO. 6:

Identify all communications between either of the Defendants and any other person relating, referring and/or pertaining to the transactions described in and/or the subject matter of the Complaint or this Action.

## INTERROGATORY NO. 7:

Identify all documents upon which you relied, to which you referred in preparing, or that otherwise relate and/or pertain to, your answers to these Interrogatories.

## INTERROGATORY NO. 8:

To the extent that any of your responses to the Admissions was anything other than an unqualified admission, please provide the following information:

(a) State your current belief as to the correct facts concerning the averment or Request;

(b) The identity of any document which supports your position as to such facts;

(c) Describe all conversations, oral statements or other communications which refer, relate, and/or pertain to or support your position as to such facts; and

(d) Separately with respect to each fact, document, conversation, statement or communication identified in response to the preceding subparts of this request, identify each person who has knowledge of such fact, document, conversation, statement or communication.

1445525

_____
Heath A. Fite FIT011
Attorneys for Plaintiff
ASD SPECIALTY HEALTHCARE

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203-5206
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on the 13 day of March, 2006, I served the following by directing the same to their office addresses through first-class, United States mail, postage prepaid and Federal Express:

Raquel Gayle,
Registered Agent for OHCA
Powell Goldstein
1201 West Peachtree Street
14th Floor
Atlanta, GA 30309

Lloyd G. Geddes, Jr. MD
Oncology Hematology Centers of Atlanta, P.C.
465 Winn Way, Suite 231
Decatur, Georgia 30030

_____
Of Counsel