IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ASD SPECIALTY HEALTHCARE, INC. d/b/a ONCOLOGY SUPPLY COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:05-cv-591-MEF (WO) |
| ONCOLOGY HEMATOLOGY CENTERS OF ATLANTA, P.C., *et. al.*, | ) ) ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This cause is before the Court on Plaintiff's Motion for Rule 37 Sanctions Against Defendants (Doc. # 47). In its motion, Plaintiff ASD Specialty Healthcare, Inc. (hereinafter "ASD") requests that the Court enter a default judgment against Defendants Oncology Hematology Centers of Atlanta, P.C. (hereinafter "OHCA") and Lloyd G. Geddes pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) for Defendants' consistent refusal to participate in discovery.

**I. Facts and Procedural History**

On June 22, 2005, ASD filed this action seeking payment for medical and pharmaceutical products it supplied to Defendants.

On August 10, 2005, this Court ordered Defendant OHCA to retain counsel on or before September 23, 2005 (Doc. # 9). Despite this Order, OHCA did not retain counsel until April 10, 2006.

On December 12, 2005, the Court entered a Rule 26(f) Order requiring the parties to confer and develop a proposed discovery plan and file a Rule 26(f) report containing the plan no later than January 4, 2006 (Doc. # 20). On January 5, 2006, ASD notified the Court that Defendant Geddes had not communicated with ASD concerning the 26(f) report. On March 20, 2006, ASD again notified the Court that despite numerous attempts to contact Geddes it was unable to communicate with him in order to prepare a 26(f) report. On the same day, ASD moved for an order setting a scheduling conference (Doc. # 25). On March 23, 2006, the Court granted that motion and referred the case to Magistrate Judge Walker to hold a Rule 16(b) scheduling conference. A scheduling conference was held on April 10, 2006, and the parties finally submitted a joint 26(f) report on April 11, 2006 (Doc. # 34).

In a letter dated February 15, 2006, ASD's counsel asked Geddes to forward his initial disclosures but received no response. In a letter dated March 10, 2006, ASD's counsel again asked Geddes for initial disclosures by March 17, 2006, or he would move the Court to compel Geddes to submit his initial disclosures. After again receiving no response from Geddes, ASD filed a Motion to Compel Geddes' initial disclosures on March 20, 2006 (Doc. # 26). On April 11, 2006, the Court granted that motion and ordered Geddes to provide his initial disclosures by April 25, 2006 (Doc. # 33). On April 10, 2006, Defendants' moved for additional time to complete discovery (Doc. # 32). That motion was granted on April 11, 2006 and Defendants were ordered to respond to all outstanding discovery requests by May 10, 2006 (Doc. # 33). According to ASD, it propounded

interrogatories on Defendants on March 13, 2006 and had received no response as of August 2, 2006.

On June 8, 2006, counsel for Defendants filed a Motion to Withdraw, stating that he had been unable to contact or communicate with his clients (Doc. # 40). On July 12, 2006, this Court held a hearing on the motion to withdraw. The Court denied the motion, but ordered Defendants to participate in discovery required by Federal Rules of Civil Procedure 30, 31, 33, 34, and 26. The Court also referred to the sanctions for discovery violations available under Rule 37, particularly the sanction of rendering a judgment by default under Rule 37(b)(2)(C). The Court further directed counsel for ASD to set discovery within 30 days.

According to ASD, immediately following the hearing the parties discussed ASD's intent to take depositions of Geddes and a Rule 30(b)(6) representative of OHCA pursuant to Rule 30. The following day, the parties agreed that the depositions be set on July 27, 2006 at 10:30 a.m. On July 14, 2006, ASD noticed the depositions of Geddes and a Rule 30(b)(6) representative of OHCA at the agreed upon time and location and served Defendants' counsel with the notices. Neither Geddes nor a Rule 30(b)(6) representative appeared for deposition. On August 2, 2006, ASD filed the motion for sanctions presently at issue. Counsel for ASD filed a response asking the Court to refrain from sanctioning his clients, but stating that he had been unable to contact or communicate with the clients.

## II. Discussion

Federal Rule of Civil Procedure 37(b)(2) provides that

If a party or an officer, director, or managing agent of a party of a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . .

(C) An order . . . rendering judgment by default against the disobedient party.

Fed. R. Civ. P 37(b)(2). The Eleventh Circuit has held that the decision to enter a default judgment pursuant to Rule 37 "ought to be a last resort - ordered only if non-compliance with discovery orders is due to willful or bad faith disregard for those orders." *United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997)(quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986)). Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

On July 12, 2006, the Court specifically ordered Defendants to participate in discovery required by Federal Rules of Civil Procedure 30, 31, 33, 34, and 26. Despite the Court's order, Defendants have continued to violate Rules 30 and 33 by failing to provide interrogatory responses and by failing to appear for deposition. Moreover, this failure to comply with the Court's July 12, 2006 order is part of an overall pattern of almost complete failure to participate in this case. Under these circumstances, the Court finds that

Defendants' non-compliance with its July 12, 2006 discovery order clearly shows willful disregard for that order, and that therefore entry of a default judgment against both Defendants is an appropriate sanction.

### III. Conclusion

For the reasons set forth above, it is hereby ORDERED that

1. Plaintiff's Motion for Rule 37 Sanctions Against Defendants (Doc. # 47) I GRANTED.

2. Default judgment is hereby ENTERED against Defendants OHCA and Geddes and in favor of the Plaintiff, ASD.

3. A hearing to determine damages is set for September 7, 2006 at 2:00 p.m. at the United States Courthouse, One Church Street, Courtroom 2A, Montgomery, Alabama. Defendant Geddes is DIRECTED to attend this hearing.

DONE this the 25th day of August, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE