IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., d/b/a ONCOLOGY SUPPLY COMPANY<br>2801 Horace Shepard Drive,<br>Dothan, Alabama 36303,<br><br>    Plaintiff,<br><br>v.<br><br>ONCOLOGY HEMATOLOGY CENTERS OF ATLANTA, P.C.<br>465 Winn Way, Suite 231<br>Decatur, GA 30030,<br><br>and<br><br>LLOYD G. GEDDES<br>1325 Scott Boulevard<br>Decatur, GA 30030,<br><br>    Defendants. | CIVIL ACTION NO.:<br>1:05-cv-591-MEF-SRW |

## SUPPLEMENTAL DECLARATION OF FEES

COUNTY OF JEFFERSON   :

                : ss

STATE OF ALABAMA     :

  Heath A. Fite, Esquire, an adult individual, being duly sworn according to law, deposes and states as follows:

  1.  I am an associate at the law firm of Burr & Forman LLP, which serves as counsel for the plaintiff ASD Specialty Health Care, Inc., d/b/a Oncology Supply ("ASD"), in the above-captioned action.

  2.  From inception, I worked 44.40 hours on the prosecution of this action. For my work up on the prosecution of this action through December 31, 2006, a rate of $180.00 per hour was charged ASD for my work. For my work on the prosecution of this action beginning January 1, 2006, a rate of $205.00 per hour was charged ASD for my work. The effective hourly rate charged for my time on this case, which takes into consideration my time billed at both rates, is $198.91 per hour to date.

PHIL1 689941-1

EXHIBIT 2

3. The fees and costs incurred by ASD for services rendered by this firm through September 8, 2006, equal $9,713.37 of which $881.37 represents costs and expenses.

In the Declaration of Fees I submitted as attachment to ASD's Motion for Rule 37 Sanctions, I errantly stated due to a clerical error that the fees and costs incurred by ASD for services rendered by this firm through August 1, 2006 equal $5,643.95, of which $470.95 represents costs and expenses. In fact, ASD incurred $5,643.95 for services rendered by this firm through July 1, 2006.

Since, July 1, 2006, ASD has incurred fees and costs relating to my preparation for and attendance at the hearing on Defendants' counsel's motion to withdraw; scheduling and noticing of depositions of Defendants, identification of appropriate exhibits for the depositions of Defendants, preparation for and attendance at the depositions of Defendants, drafting and preparation of the Motion for Rule 37 Sanctions against Defendants, and preparation for and attendance at the hearing to prove damages. Based on my experience, I believe all of these tasks were necessary for the successful prosecution of this action on behalf of ASD. I also believe the time devoted to these tasks was reasonable and not excessive.

4. I was admitted to the bar in 2001, and am an associate in the firm's Litigation Section. I am familiar with the rates charged by attorneys of my experience and seniority in the Birmingham, Alabama, area. The hourly rates charged ASD for my work on this matter are reasonable compared to other attorneys of my experience and seniority in the Birmingham, Alabama, area.

I could testify competently as to these matters if called upon so to do. I make these statements upon penalty of perjury.

/s/ Heath A. Fite
Heath A. Fite, Esquire

Sworn to and subscribed
Before me, this 15th day of
September, 2006.

/s/ Norma J. Henley
NOTARY PUBLIC

My commission expires: 02/02/10

PHIL1 689941-1