IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., )<br>d/b/a Oncology Supply Company, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ONCOLOGY HEMATOLOGY CENTERS )<br>OF ATLANTA, PC., *et al.,* )<br>)<br>Defendants. ) | CASE NO. 1-05-cv-591-MEF |

## **FINAL JUDGMENT**

Upon consideration of the Court's entry of default judgment in favor of Plaintiff (Doc. # 52) filed on August 25, 2006, the Court finds that Plaintiff has proven that it is due principal and interest contractually permitted pursuant to the Credit Application and Proprietor Guaranty in the amount of $117,725.41. The Court finds that Plaintiff has proven that pursuant to the Credit Application and Proprietor Guaranty it is due reasonable attorney's fees and costs. Based upon the Court's experience,[1] the Court finds that Plaintiff is entitled to attorney's fees and costs in the amount of $7,382.95 for work performed by

---

[1] A party requesting fees has the burden of producing satisfactory evidence that the fee requested is in line with the prevailing market rates. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Id.* Where there is a lack of documentation or testimonial support for a fee request, the court may make the award based on its own experience. *Id.* at 1303. Plaintiff has submitted the affidavits of the attorneys performing the work, in which they opine that their rates and hours spent are reasonable. The Court will therefore use its experience to determine reasonable attorney's fees.

Klehr, Harrison, Harvey, Branzburg & Ellers, LLP and in the amount of $4,384.13 for work performed by Burr & Foreman LLP.

Wherefore, final judgment is entered in the amount of $129,492.49.

It is hereby ORDERED and ADJUDGED that this case is DISMISSED in its entirety WITH PREJUDICE.

The Clerk of the Court is directed to enter this document on the civil docket as a Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE this the 29th day of March, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE